UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO G. GUYTON,<br><br>             Petitioner,<br><br>      v.<br><br>U.S. MARSHALL'S SERVICE, U.S. PAROLE COMMISSION, FRESNO COUNTY JAIL,<br><br>             Respondents. | No.  1:23-cv-00795-SKO (HC)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO FILE FIRST AMENDED PETITION**<br><br>**ORDER DIRECTING CLERK OF COURT TO PROVIDE PETITIONER WITH BLANK § 2241 HABEAS CORPUS FORMS**<br><br>**[THIRTY DAY DEADLINE]** |

Petitioner is a federal detainee proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He filed the instant petition on May 24, 2023.  The petition suffers from several deficiencies: 1) It is partially illegible; 2) It fails to name a proper respondent; and 3) It presents non-cognizable claims.  Therefore, the petition will be dismissed with leave to file a First Amended Petition.

**DISCUSSION**

A.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.      Illegible Petition

Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition is not legibly handwritten and the Court cannot decipher much of Petitioner's statements. Petitioner will be provided an opportunity to file a legible amended petition.

C.      Improper Respondent

Petitioner names the U.S. Marshalls Service, U.S. Parole Commission, and Fresno County Jail as Respondents. A petitioner seeking habeas corpus relief must name the officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360. However, the chief officer in charge of penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd

Cir. 1976). However, the Court will give Petitioner an opportunity to cure this defect by amending the petition to name a proper respondent. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (*en banc*) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

D.    Non-cognizable Claims

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499.

Although the petition is mostly illegible, it appears that Petitioner may be attempting to challenge the conditions of his confinement. In the space provided for Ground Two, Petitioner mentions the ADA and medical documents with respect to his housing. He has also attached medical records as exhibits to the petition. Such claims concern the conditions of his confinement and are not cognizable in a federal habeas action. Petitioner must seek relief for such complaints by way of a civil rights action.

E.    Conclusion

For the foregoing reasons, the petition must be dismissed. Petitioner will be granted an opportunity to file a First Amended Petition curing these deficiencies. Petitioner is advised that he should entitle his pleading, "First Amended Petition," and he should reference the instant case number. Failure to comply with this order will result in a recommendation that the action be dismissed.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1)    The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE;

2)    Petitioner is GRANTED thirty (30) days from the date of service of this order to file a First Amended Petition; and

3) The Clerk of Court is DIRECTED to provide Petitioner with a blank § 2241 habeas corpus form.

IT IS SO ORDERED.

Dated:   **May 30, 2023**                        /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE