UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO G. GUYTON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>U.S. PAROLE COMMISSION, et al.,<br><br>　　　　Respondents. | No. 1:23-cv-00795-SKO (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE**<br><br>**[Doc. 9]** |

Petitioner is a former federal detainee proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to magistrate judge jurisdiction for all purposes, including entry of final judgment. (Docs. 5, 10.)

On June 21, 2023, Petitioner filed a habeas petition in this Court. At that time, Petitioner was a detainee of the U.S. Parole Commission at the Fresno County Jail in Fresno, California. On August 22, 2023, Respondent filed a motion to dismiss the petition as moot as Petitioner has been granted the relief he sought and released from custody. (Doc. 9.) For reasons discussed below, the Court recommends that the motion be GRANTED and the petition be DISMISSED.

**DISCUSSION**

In his petition, Petitioner contends he was being illegally detained pursuant to a warrant issued for charges that were dismissed on or about May 18, 1999. On June 22, 2023, Respondent

1

released Petitioner from custody on the warrant, and his federal parole was concluded.  (Doc. 9-1 at 2.)

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 (1983); <u>NAACP., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971) (*per curiam*) (quoting <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S. 227, 240-241 (1937)).  When a prisoner is released from custody, any habeas petition challenging continued detention becomes moot. <u>Fender v. U.S. Bureau of Prisons</u>, 846 F.2d 550, 555 (9th Cir.1988).

Because Petitioner has been granted the relief he sought and is no longer in custody, the petition is now moot.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss the petition as moot is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED; and

3) The Clerk of Court is DIRECTED to enter judgment and close the case.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **September 13, 2023**            /s/ *Sheila K. Oberto*
                                                                             UNITED STATES MAGISTRATE JUDGE